UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMION CARROLL FUNK, | ) |
| | ) CASE NO. C12-5605-TSZ-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) RE: SOCIAL SECURITY DISABILITY |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) APPEAL |
| | ) |
| Defendant. | ) |

Plaintiff Benjamin Carroll Funk proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1963.[1]  He has an eighth grade education and previously worked as a concrete worker.  (AR 24.)

---

1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -1

Plaintiff filed an application for DIB and protectively for SSI on January 20, 2009, alleging disability beginning December 19, 2006. (AR 16.)  He is insured for DIB through December 31, 2012.  Plaintiff's applications were denied at the initial level and on reconsideration, and he timely requested a hearing.

On October 28, 2010, ALJ Cheri L. Filion held a video hearing, taking testimony from plaintiff and a vocational expert.  (AR 30-60.)  On January 5, 2011, the ALJ issued a decision finding plaintiff not disabled.  (AR 16-25.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on May 15, 2012 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had engaged in substantial gainful activity between February 21 and November 12, 2008, but also found continuous twelve-month periods during which plaintiff did not engage in substantial gainful activity.  (AR 18-19.)

At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative left knee status post anterior cruciate ligament reconstruction severe.   Step three asks whether a claimant's impairments meet or equal a listed

impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), to lift and carry twenty pounds occasionally and ten pounds frequently, and limited to occasional postural activities, such as bending, stooping, and crouching. Plaintiff is limited in his ability to walk or stand to less than two hours in an eight-hour day. With that assessment, the ALJ found plaintiff unable to perform his past relevant work as a concrete worker.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs existing in significant numbers in the national economy, such as work as a bonder semiconductor and rotor assembler. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

supports the ALJ's decision, the Court must uphold that decision.[2] *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ erroneously found the VE's testimony was consistent with the Dictionary of Occupational Titles, and that such error was not harmless. He requests remand for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step Five</u>

As required, the ALJ in this case employed the above-described five-step procedure for determining disability. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Valentine v. Comm'r¸* 574 F.3d 685, 689 (9th Cir. 2009). After completing step four of the sequential evaluation, the ALJ found plaintiff unable to perform his past relevant work. While plaintiff bears the burden of proof at steps one through four, the burden shifts to the Commissioner at step five "to show that the claimant can do other work." *Valentine¸* 574 F.3d at 689 (citing *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988)).

At the hearing, the ALJ posed a hypothetical to the vocational expert (VE) incorporating plaintiff's RFC, requesting an opinion on what kind of work could be performed by an individual with those limitations. The RFC included, *inter alia,* a restriction limiting plaintiff in his ability "to walk or stand to less than two hours in an eight hour day." (AR 55.) The VE testified that these limitations would not "rule out the complete realm of unskilled sedentary

---

[2] Although the misstatement was overlooked by the Commissioner, plaintiff incorrectly asserts this Court reviews the Commissioner's decision on a *de novo* basis. (Dkt. 11 at 3.) The authority cited is inapposite, addressing the review of a District Court decision by the Court of Appeals. *Travers v. Shalala*, 20 F.3d 993 (9th Cir. 1994).

REPORT AND RECOMMENDATION
PAGE -4

work." (AR 56.) The VE identified two specific jobs within the specified RFC, a bonder semi-conductor and a rotor assembler, with DOT numbers 726.685-066 and 715.687-114, respectively. (*Id.*)

The Dictionary of Occupational Titles (DOT) raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Pursuant to Social Security Ruling (SSR) 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). As stated by the Ninth Circuit: "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435-36 (VE testified specifically about the characteristics of local jobs and found their characteristics to be sedentary, despite DOT classification as light work). *See also Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("We merely hold that in order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.") "Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony." *Light v. Social Sec. Admin.*, 119 F.3d 789, 794 (9th Cir. 1997) (internal citations omitted).

Here, the parties apparently agree that the ALJ did not ask the VE if his testimony was consistent with the DOT. The Commissioner, however, argues that any error was harmless. As a general principle, an ALJ's error may be deemed harmless where it is "'inconsequential to

REPORT AND RECOMMENDATION
PAGE -5

the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).   The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

The Commissioner first avers the lack of conflict between the VE's testimony and the DOT.   If so, the ALJ's failure to inquire is a harmless procedural error.   *Massachi*, 486 F.3d at 1154, n. 19.   The Commissioner further argues that, assuming *arguendo* an inconsistency between the VE's testimony and the DOT, the VE's testimony sufficiently justified the conflict.

Plaintiff's contention that the VE's testimony conflicted with the DOT derives from the following colloquy, which occurred during the cross examination of the VE by plaintiff's attorney:

> Q: Just a follow up on—you said these jobs were sedentary and the definition of sedentary is the ability to stand and walk up to two hours per day, is that correct?
>
> A: Well, in the DOT it typically—it just says you should be sitting most of the day.  So Social Security regulations do say that sedentary means sitting for up to six of eight so that would, yeah, that would logically affect the ability to stand or sit.
>
> Q: Right. So do these jobs you identified—do they require standing up to two hours a day?
>
> A: Not typically; I mean no, but the essential functions are to be performed while seated.   I think it would be pretty rare for any of the jobs that fit under these DOT titles to actually involve a full two hours of standing and walking that would be required.
>
> It would have to be something—you're getting stuff that you would stand up and go ask the supervisor a question and that sort of thing.   But it realistically [sic]even be less than two hours.
>
> Q: Okay. I understand now.   That's all I have.

REPORT AND RECOMMENDATION
PAGE -6

(AR 58.)  Plaintiff interprets this colloquy as showing the VE's erroneous opinion that the DOT's definition of sedentary work differs from the definition in the Social Security regulations.  Rather, plaintiff argues, both sources define sedentary work the same, requiring that an individual be able to stand and walk for a total of approximately two hours during an eight-hour workday.  SSR 96-9p.  *See also* DOT App. C (IV).

The Court, however, finds no conflict between the VE's testimony regarding the functional requirements of the proffered sedentary job positions and either the DOT or regulatory definition of sedentary work.  The VE was asked by the ALJ to identify jobs that could be performed by an individual limited to walking or standing less than two hours in an eight-hour day.  The ALJ's hypothetical is consistent with the DOT definition: "Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally[.]"  DOT, Appx. C (IV) (4th Ed., Rev. 1991), 1991 WL 688702.  "Occasionally" is defined by the DOT as "up to 1/3 of the time[.]"  *Id*.  The Social Security Regulations explain: "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a).  Similar to the DOT, the Social Security Administration defines the term "occasionally" as "occurring from very little up to one-third of the time, and would generally involve no more than about 2 hours of an 8-hour workday."  SSR 96-9p, 1996 WL 374185.

In response to the hypothetical, the VE identified two jobs.  Nothing in the VE's testimony can reasonably be construed to show the VE felt the requirements of the proffered

REPORT AND RECOMMENDATION
PAGE -7

01 jobs—bonder semi-conductor and rotor assembler—were in any way inconsistent with the
02 DOT definition of sedentary.  According to the VE, the essential functions of these two
03 positions "are to be performed while seated[,]" it being "pretty rare for any of the jobs that fit
04 under these DOT titles to actually involve a full two hours of standing and walking that would
05 be required."  (AR 58.)  While the VE, on cross examination, noted the DOT definition of
06 "sedentary" included "sitting most of the day" (*id.*), it is also correct that the DOT "lists
07 maximum requirements of occupations as generally performed, not the range of requirements
08 of a particular job as it is performed in specific settings."   SSR 00-4p at *3, 2000 WL 1898704.
09 Therefore, the fact that the positions of bonder semi-conductor and rotor assembler would "not
10 typically" require standing up to two hours a day is not inconsistent with the ALJ's hypothetical
11 RFC of walking or standing "<u>less than</u> two hours in an eight hour day" (AR 55, emphasis
12 supplied), the DOT definition of sedentary as "sitting most of the time" with only occasional, or
13 up to one-third of the time, walking or standing, DOT, Appx. C, or the Social Security
14 Administration's definition of "occasionally" as "occurring <u>from very little up to</u> one-third of
15 the time[,]" SSR 96-9p, 1996 WL 374185 (emphasis supplied).   The Court, therefore, finds the
16 ALJ's step five finding supported by substantial evidence and free of legal error.

## CONCLUSION

18   For the reasons set forth above, this matter should be AFFIRMED.

19   DATED this <u>4th</u> day of January, 2013.

Mary Alice Theiler
United States Magistrate Judge